# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| TRAY RODGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:11-CV-113 CAS |
| ) | |
| CAROLYN W. COLVIN,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Tray Rodgers' Application for Attorney Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(B). Plaintiff seeks attorney's fees in the amount of $4,227.09, representing 5.25 hours of attorney work in 2011, 2.95 hours of work in 2012, and 14.85 hours of work in 2013 billed at $179.21, $182.91, and $184.96 per hour respectively. Defendant filed a response which states that it has no objection to plaintiff's request for an award of attorney fees under the EAJA in the amount of $4,227.09, and that the award should be made payable directly to plaintiff pursuant to Astrue v. Ratliff, 130 S. Ct. 2521, 2252-53 (2010).

The Court has reviewed plaintiff's application for an award of fees and expenses under the EAJA, and concludes the statutory requirements are met. By Order of Remand dated October 20, 2011, the Court remanded this case to defendant Commissioner for a new administrative hearing and issuance of a new decision by the Administrative Law Judge. On March 20, 2013, the Administrative Law Judge approved plaintiff for disability benefits and awarded plaintiff past-due

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

benefits, and this action was dismissed on the Commissioner's motion on April 11, 2013.[2] Plaintiff's application for attorney's fees was filed on May 10, 2013.

Attorney's fees may not be awarded in excess of $125.00 per hour – the maximum statutory rate under § 2412(d)(2)(A) – unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. McNulty v. Sullivan, 886 F.2d 1074 (8th Cir. 1989). The hourly rate should be increased, however, where there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [$125] per hour," such as the Consumer Price Index. Johnson v. Sullivan, 919 F.2d 503, 504, 505 (8th Cir. 1990). In this case, counsel has attached summaries of the Consumer Price Index as exhibits and presented uncontested evidence of an increase in the cost of living. The Court agrees with counsel that a cost of living increase is appropriate as requested.

Because plaintiff prevailed and is not otherwise precluded from receiving attorney's fees, the Court finds that he is entitled to attorney's fees in the amount of $4,227.09.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application for attorney's fees and costs under the Equal Access to Justice Act is **GRANTED**. [Doc. 15]

---

[2]The Application for Attorney Fees incorrectly states that plaintiff was approved for disability benefits on September 11, 2012.

**IT IS FURTHER ORDERED** that the Social Security Administration shall pay attorney's fees under the EAJA in the amount of Four Thousand Two Hundred Twenty-Seven Dollars and Nine Cents ($4,227.09), and that the award shall be made payable to plaintiff Tray Rodgers.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  31st  day of May, 2013.